UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ISAIAH COLLINS | CASE NO. 2:19-CV-00157 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| CB&I, LLC | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 12] filed by defendant CB&I, LLC ("CB&I") under Rules 12(b)(5), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, in response to the employment discrimination complaint filed here by Isaiah Collins. Collins opposes the motion and CB&I has submitted a reply. Docs. 16, 17. Accordingly, the matter is now ripe for review.

## I.
### BACKGROUND

Collins alleges that he was employed by CB&I as a pipefitter, in the company's operations near Sulphur, Louisiana. Doc. 1, p. 3, ¶ 15. He further asserts that he was fired by that company in June 2017, due to his race (African-American). *Id.* at ¶¶ 16–17. Accordingly, he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). *See* doc. 12, att. 3. The EEOC closed the investigation and issued a notice of right to sue on November 5, 2018, informing Collins that he had 90 days to pursue his claim through an action in state or federal court. *Id.*

Collins then filed a *pro se* complaint against CB&I on February 5, 2019, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* Doc. 1. His application to proceed *in forma pauperis* was rejected by the court on February 12, 2019. Doc. 4. The court sent notice of Collins's obligation to pay the filing fee on February 20, 2019. Doc. 5. That mailing was returned as undeliverable, apparently due to Collins's failure to include his ZIP code with his address. Doc. 6. The clerk's office made a second attempt on March 4, and Collins paid the filing fee on March 11, 2019. *Id.* Counsel enrolled on Collins's behalf on April 15, 2019. Doc. 10. Counsel then filed an affidavit of service, showing that CB&I had been served through human resources manager Kelvin Burns on April 22, 2019. Doc. 11.

CB&I asserts that service upon Burns was improper because he was not the company's registered agent and because a copy of the complaint was not attached to the summons. Accordingly, it filed the instant motion on May 13, 2019. Doc. 12. Here it moves for dismissal of the complaint (1) under Rule 12(b)(5), on the grounds that service was defective and the 90-day time period for effecting service under Federal Rule of Civil Procedure 4(m) has expired; and (2) under Rules 12(b)(1) and 12(b)(6), on the grounds that dismissal of the complaint under Rule 12(b)(5) means that Collins failed to file suit within 90 days of the EEOC's notice of suit rights. Doc. 12, att. 1. Collins opposes all grounds for dismissal. Doc. 16; doc. 16, att. 2. It also provides proof of service on CB&I on May 30, 2019, through agent Ashley Minvielle. Doc. 16, att. 1.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

CB&I alleges that the first attempt at service was deficient as described above and that the case must be dismissed because Collins failed to properly effect service within the

90 days required under Federal Rule of Civil Procedure 4(m). Collins admits that service upon Burns was improper under Rule 4(e) and 4(h)'s requirements for service on an unincorporated association, and does not contest the allegation that he failed to attach a copy of the complaint to the summons as required by Rule 4(c). *See* doc. 16, att. 2, p. 2. Instead, he asks that the court exercise its discretion and excuse the failure to timely serve CB&I. Collins does not specify any grounds for finding good cause in this matter. Nevertheless, the court explores the record for same as well as any factors guiding its discretion.

Numerous courts have held that filing a complaint with an application to proceed *in forma pauperis* ("IFP") should toll Rule 4(m)'s time for effecting service until the IFP application is resolved and that, where the IFP application is denied, the limitations period should remain tolled at least until the court issues its decision. *See Ellis v. Principi*, 223 F.R.D. 446, 446–48 (S.D. Miss. 2004) (collecting cases). In this matter, Collins filed his complaint on February 5, 2019, and his application to proceed IFP was denied one week later. Notice of that decision did not reach him, however, until after March 4. Collins in turn paid the full filing fee on March 11, 2019. Counsel enrolled on his behalf on April 15 and made the deficient first attempt at service a week later. Counsel received notice of these deficiencies by May 13, 2019, with the filing of the instant motion, but did not complete his second attempt at service until May 30.

With the limitations period tolled through the denial of Collins's IFP application on February 12, service on May 30 occurred just 17 days after Rule 4(m)'s time limit.[1] Counsel attempted service promptly after enrolling, though he provides no excuse for his subsequent 17-day delay after receiving notice of the first attempt's insufficiency. These facts do not provide sufficient basis for compelling extension of the service deadline under a finding of good cause, given counsel's unexplained delays and inability to correctly accomplish service on the first attempt. They do, however, guide the court's discretion toward denial of the motion. The plaintiff himself appears to have acted diligently while proceeding *pro se* through the EEOC review and the early stages of this suit, aside from the excusable omission of his ZIP code.[2] Dismissal of the action is too harsh a remedy to impose against plaintiff for what is ultimately counsel's error, especially where CB&I obtained formal notice of the suit only shortly after Rule 4(m)'s limitation period expired. Accordingly, the Motion to Dismiss will be denied as to the Rule 12(b)(5) grounds.

---

[1] The matter would be timely under Rule 4(m) if the court extended tolling until the decision on Collins's IFP application was received by him. However, equitable tolling "is a narrow exception that should be applied sparingly" and only in cases involving "an extraordinary circumstance that derives from some **external** obstacle to timely filing beyond the plaintiff's control." *Sandoz v. Cingular Wireless, LLC*, 700 F. App'x 317, 320 (5th Cir. 2017) (cleaned up; emphasis added). Here the first notice's failure to reach Collins apparently arose from his own failure to supply his ZIP code with his address. The court considers this neither extraordinary nor beyond Collins's control. Accordingly, tolling the limitations period past the date of the court's decision on the IFP application would be an inappropriate extension of the doctrine.

[2] The Fifth Circuit has found that extension of Rule 4(m)'s limitations period may be particularly inappropriate when the filing of the suit runs just shy of the statute of limitations for plaintiff's cause of action, rather than allowing him to evade any potential prescription caused by his delay in service and a resulting dismissal. *See Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688 (5th Cir. 2008); *Veazy v. Young's Yacht Sale and Service, Inc.*, 644 F.2d 475 (5th Cir. 1981)). Those cases, however, dealt with considerably longer limitations periods than the 90 days provided for Collins to file this suit after closure of the EEOC investigation. In light of the brevity of that period, as well as his *pro se* status, the court finds no lack of diligence in the fact that he filed this suit at the very end of the allotted 90 days. *Cf. Bounds v. Textron, Inc.*, 2018 WL 6831105 (E.D. La. Dec. 28, 2018) (dismissing Title VII suit for failure to timely effect service despite the fact that plaintiff would be barred from refiling by the 90-day limitations period, but noting considerably longer delays by plaintiff and her counsel and their failure to act after two prior warnings by the court).

Because the court will not dismiss the suit for failure to timely effect service, the Rule 12(b)(1) and 12(b)(6) grounds for dismissal are moot.

## III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 12] will be **DENIED**.

THUS DONE in Chambers on this ___16___ day of ___July___, 2019.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE